# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**GEORGE CURRY HUDSON,**

    **Plaintiff,**

vs.                                           Case No. 5:04cv97-RH/WCS

**T. DAVIS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* in this civil rights action filed under 28 U.S.C. § 1331, has submitted a third amended complaint. Doc. 25. Plaintiff has previously been advised of the various deficiencies with his prior complaints and directed to file the third amended complaint. Docs. 10, 16. Plaintiff was also advised that this would be his **final** opportunity to submit a viable complaint. The third amended complaint has been reviewed as is required by 28 U.S.C. § 1915A, and is not in compliance with the prior amendatory orders.

Plaintiff was previously ordered to "set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail." Doc. 16. Plaintiff has not provided numbered paragraphs. A Defendant cannot respond appropriately to such a complaint. Under FED. R. CIV. P.

10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." *Id.* Plaintiff's failure to comply with this order in submitting his third amended complaint renders his pleading insufficient and no Defendant should be put to the test of creating a new method of answering such a complaint.

Another previous deficiency specifically pointed out to Plaintiff has been ignored. Plaintiff was advised that his allegations were "broad and conclusory." Doc. 16, p. 2. Plaintiff has still not provided the factual details which would support the legal conclusions he continues to make. As advised previously, Plaintiff may not broadly contend that he was retaliated against without providing the facts which would support the legal conclusion that Defendants acted in a retaliatory manner. Plaintiff has not specifically articulated what protected First Amendment conduct he engaged in, when, or shown that the conduct was either directed to the named Defendants, or provided facts to show how the named Defendant would be aware of the First Amendment conduct not directed to the Defendant. Plaintiff's failure to allege factual details of the actions Defendants took which Plaintiff contends demonstrates retaliation presents only conclusory allegations which is insufficient to state a claim upon which relief may be granted.

Plaintiff's third amended complaint also alleges mental suffering, but Plaintiff does not present facts showing any other type of injury. The mental suffering of an inmate is not compensable under 42 U.S.C. § 1997e(e) unless Plaintiff also suffered physical injury. Plaintiff was previously advised of that deficiency and, despite that

instruction, has still not articulated physical injury nor has Plaintiff removed his demand for monetary damages, punitive damages, and treble damages.

Furthermore, Plaintiff makes numerous allegations of retaliation and harassment through verbal comments. While the Court does not condone racial epithets or derogatory remarks, such unprofessional actions does not amount to constitutional injury.

Moreover, to the degree Plaintiff claims that Defendants "falsified retaliatory and inaccurate records against [Plaintiff] Hudson for Hudson's use of the Grievances process against (BOP) staff," Plaintiff has not shown any concrete injury as a result of those alleged actions. A prisoner must show that he suffered adverse action such that would deter a person of ordinary firmness from continuing to engage in that conduct; and that there was a "causal connection" - in other words, that the adverse action was motivated at least in part by the prisoner's protected conduct. Brown v. Crowley, 312 F.3d 782, 787 (6th Cir. 2002), (*citing* Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1999)); *see also* Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). Plaintiff has not shown that he suffered any injury or adverse punishment as retaliation. That failure requires dismissal of this action, especially in light of the opportunities and directions that were already provided to Plaintiff, the amount of time Plaintiff has had to submit the third amended complaint, and the prior notice given to Plaintiff that this would be his final opportunity to submit a viable complaint.[1]

---

[1] The original order for Plaintiff to file a third amended complaint was issued on September 10, 2004. Doc. 16. Due to hurricanes, transfers, and other reasons, Plaintiff's original deadline was extended from October 8, 2004, doc. 16, to April 8, 2005. Doc. 24. Plaintiff was given four extensions of time.

While mindful that a plaintiff may not be held to a heightened burden of proof, courts must approach prisoner claims of retaliation "with skepticism and particular care" due to the "near inevitability" that prisoners will take exception with the decisions of prison officials and "the ease with which claims of retaliation may be fabricated." <u>Dawes v. Walker</u>, 239 F.3d 489, 491 (2d Cir. 2001), impliedly overruled in part on other grounds by <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Plaintiff has provided few facts in support of his broad, vague, and conclusory allegations. Such a complaint is insufficient and this action should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 25, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 22, 2005.

      s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**